UNITED STATES of America,
Plaintiff—Appellee,

v.

Guillermo SOLORIO–SOTO,
Defendant—Appellant.

No. 07–50004.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 18, 2007.*

Filed Nov. 10, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Hamilton E. Arendsen, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Mahir T. Sherif, Esq., Law Offices of Mahir T. Sherif, San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, HAWKINS and FISHER, Circuit Judges.

MEMORANDUM **

Guillermo Solorio–Soto ("Solorio") appeals his conviction on three counts of transporting unauthorized aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and three counts of bringing aliens to the United States for financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii). We have jurisdiction under 28 U.S.C. § 1291 and reverse.

■ 1. The prosecutor's closing argument included several improper assertions about the significance of Solorio's prior arrests. Although the prior arrest evidence proved that Solorio had twice been caught with aliens hidden on a truck he was driving, Solorio had never been charged with or convicted of any alien smuggling crimes, which require *knowledge* as an element, based on those incidents. Yet, on three separate occasions and contrary to the district court's express limitations on the use of the prior arrest evidence, the prosecutor asserted that Solorio was "caught *smuggling* aliens," suggesting that Solorio had acted knowingly even though that had never been proved. Indeed, the prosecutor explicitly asserted that "the fact that [Solorio] is knowingly smuggling aliens in the past negates an inference that he's just an innocent dupe on this occasion." Not only did the prosecutor's arguments ignore the district court's proscription of evidence about the outcome of the prior arrests, his assertions of knowledge were not supported by evidence before the jury.

When defense counsel objects at trial to acts of alleged prosecutorial misconduct, we review for harmless error and reverse "only if it is more probable than not that the misconduct materially affected the verdict." *United States v. Hinton*, 31 F.3d 817, 824 (9th Cir.1994) (internal quotation marks and alteration omitted). Due to the prosecution's misleading statements, the jury was left with the impression that Solorio had in fact been "caught" "knowingly" smuggling aliens in the past, which more probably than not affected its determination regarding Solorio's mental state during the incident at issue here. The district court's limiting instructions did not cure the prejudice, because the jury could have understood the prosecutor's statements to be consistent with the limiting instruction that the prior arrest evidence could be used only to determine whether the defendant acted knowingly here.

■ 2. The district court's limitation on Solorio's ability to cross-examine the government witnesses about the dispositions of his 2003 arrests violated his constitutional right to present evidence in his

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

defense, and compounded the prejudice of the prosecution's argument. *See Holmes v. South Carolina,* 547 U.S. 319, 324, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006) (holding "the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense" (internal quotation marks omitted)). The government introduced Solorio's prior arrests to persuade the jurors to draw two inferences: first, that Solorio acted knowingly in both prior incidents; and second, that someone who has knowingly transported immigrants before would not unwittingly do so this time. Solorio on cross-examination sought to counter the first inference (his knowledge) by offering a competing inference, i.e., that Solorio must not have known the immigrants were on his truck because the government did not prosecute him. Thus, the testimony Solorio wished to elicit was intended to bolster his primary defense theory that he was unaware the immigrants were hiding on his truck, and we have generally addressed limitations on such evidence as a matter of due process. *See Alcala v. Woodford,* 334 F.3d 862, 877 (9th Cir.2003) (" 'The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations.' " (quoting *Chambers v. Mississippi,* 410 U.S. 284, 294, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973)))[1] We employ a multi-factor balancing test to evaluate whether the exclusion of relevant evidence violates a defendant's right to present a defense:

> In weighing the importance of evidence offered by a defendant against the state's interest in exclusion, the court should consider the probative value of the evidence on the central issue; its

reliability; whether it is capable of evaluation by the trier of fact; whether it is the sole evidence on the issue or merely cumulative; and whether it constitutes a major part of the attempted defense. A court must also consider the purpose of the [evidentiary] rule; its importance; how well the rule implements its purpose; and how well the purpose applies to the case at hand. The court must give due weight to the substantial state interest in preserving orderly trials, in judicial efficiency, and in excluding unreliable or prejudicial evidence.

*Alcala,* 334 F.3d at 877 (alteration in original) (quoting *Miller v. Stagner,* 757 F.2d 988, 994 (9th Cir.1985)); *see also United States v. Cruz–Escoto,* 476 F.3d 1081, 1088 (9th Cir.2007) (applying the Miller balancing test in an appeal of a federal conviction).

Solorio's only defense was lack of knowledge. Although the dispositions of the prior arrests on their own were not particularly probative of his knowledge on the current occasion, once the district court allowed the jury to hear evidence about those arrests, Solorio's sole defense turned on how the jurors understood them to bear on his knowledge. They would sway jurors to reject Solorio's defense only if the jurors inferred from the circumstances of the arrests that he knew the immigrants were on his truck both times. However, if neither arrest resulted in a prosecution for alien smuggling (a crime that requires knowledge as an element), the jury could have instead inferred that Solorio was not acting with knowledge on the prior occasions. Combined with the district court's order not to discuss the arrests' outcomes

---

1. The Supreme Court has yet to precisely define the source of the right to present evidence in one's defense. *See Crane v. Kentucky,* 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986) (observing that the right to present evidence in one's defense may be "rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation clauses of the Sixth Amendment").

and failure to give a limiting instruction that an arrest is not evidence of guilt, the district court's limitation on testimony about the dispositions of the prior arrests effectively precluded Solorio from challenging the inferences the government wished the jury to draw simply from his having been arrested. Specifically, the court's limitations prevented Solorio from arguing that the two prior arrests did not *prove* that he acted with knowledge this time. Because we conclude that the limitation on cross-examination violated Solorio's right to present evidence in his defense, we need not consider whether it also violated his rights under the Confrontation Clause of the Sixth Amendment.

■ 3. The district court also erred by admitting hearsay testimony about various conversations between one of the aliens discovered in Solorio's truck and unnamed, unidentified smugglers regarding transportation and payment. The government's argument that this testimony was admissible against Solorio as a coconspirator statement, *see* Fed.R.Evid. 801(d)(2)(E), is without merit because the government did not prove that Solorio was a member of a conspiracy. Because we reverse on other grounds, we need not address whether this error was prejudicial and would therefore require reversal.

Accordingly, we reverse Solorio's conviction.

**REVERSED.**